**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 17, 2021

Mr. Khongsana Soumphonponphakdy
P.O. Box 67751
Rochester, New York 14617
*Pro Se*

James L. Pantages, Esq.
Faust Goetz Schencker & Blee
570 W. Mount Pleasant Avenue
Livingston, NJ 07039
*Counsel for Defendant Geico*[1]

Karen E. Heller, Esq.
Pomeroy, Heller & Ley, LLC
98 Floral Avenue
New Providence, NJ 07974
*Counsel for Defendant Geico*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

  Re: *Soumphonponphakdy v. Geico et al.*, No. 19-16830 (SDW) (LDW)

Litigants:

  Before this Court is Defendants Geico and Mary J. Walilko's (together, "Defendants") Motions to Dismiss *pro se* Plaintiff Khongsana Soumphonponphakdy's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (D.E. 19; D.E. 25.)  For the reasons discussed below, the Court grants Defendants' Motions.

### DISCUSSION

A.

  This matter involves a motor vehicle accident between Plaintiff and Ms. Walilko that occurred on February 14, 2017, in which Plaintiff seeks to recover damages for his alleged injuries.

---

[1] While the docket reflects that Mr. Pantages is an attorney for defendant Geico, he submitted a motion to dismiss on behalf of defendant Mary J. Walilko.  (D.E. 25.)

(D.E. 17 at 4–5.)[2] This Court initially found that Plaintiff's complaint was barred by the two-year statute of limitations applicable to personal injury actions under New Jersey law. (D.E. 2 at 2 (citing N.J. Stat. Ann. 2A:14-2).) After remand to this Court (*see* D.E. 13),[3] Plaintiff refiled his initial complaint on July 16, 2020. (*Compare* D.E. 1, *with* D.E. 17.) Motions to dismiss the refiled complaint were submitted by Geico on December 3, 2020 (D.E. 19), and Ms. Walilko on December 30, 2020 (D.E. 25).[4] By letter dated December 4, 2020, Plaintiff requested to toll the statute of limitations. (D.E. 24.) This Court is also in receipt of correspondence from Plaintiff dated December 15, 2020. (D.E. 27.) Although Plaintiff's cover letter mentions a request for leave to amend the pleadings (*see* D.E. 27-1), this Court construes the entire submission as an opposition to defendant Geico's motion to dismiss. (*See* D.E. 27-1; D.E. 27-2.) Defendant Geico filed a reply on December 30, 2020. (D.E. 26.) Plaintiff has not opposed Ms. Walilko's motion to dismiss.

B.

Plaintiff's initial complaint was properly dismissed as time-barred under New Jersey's statute of limitations for personal injury actions. *See* N.J. Stat. Ann. 2A:14-2 (providing that "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued"). Under New Jersey law, "equitable tolling" is permissible where a plaintiff has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has been prevented from asserting his rights "in some extraordinary way," or has "timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Freeman v. State*, 788 A.2d 867, 880 (N.J. App. Div. 2002) (internal citations omitted), *cert. denied*, 796 A.2d 895 (N.J. 2002); *see Rowell v. Stecker*, 698 F. App'x 693, 695 (3d Cir. 2017). "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Freeman*, 788 A.2d at 880.

Here, the initial complaint was filed on August 15, 2019, more than two years from February 14, 2017, the date of Plaintiff's alleged injury. (D.E. 1; D.E. 17.) Plaintiff claims that since February 14, 2017, he has sustained permanent injuries. (D.E. 17 at 5.) Although Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Morris County during the limitations period, that action was dismissed *before* Plaintiff filed the instant federal action on August 15, 2019. (*Compare* D.E. 1, *with* D.E. 19-3 (December 21, 2018 order dismissing the state court action against defendant Geico *with prejudice* because Geico was not in privity of contract with Plaintiff and no cognizable claim was asserted as to Geico), *and* D.E. 25-3 (March 15, 2019 order dismissing the state court action against Ms. Walilko *without prejudice* for Plaintiff's failure

---

[2] All page references to Docket Entry Number 17 refer to the CM/ECF pagination generated in the upper right-hand corner.

[3] The Third Circuit found that tolling of the limitations period might be warranted based on Plaintiff's related state court action. (D.E. 13.)

[4] The Clerk of the Court filed a Notice of Call for Dismissal pursuant to Rule 4(m) on December 4, 2020. (D.E. 20.) This Court subsequently dismissed the action as to Ms. Walilko on December 18, 2020, for Plaintiff's failure to effectuate service. (D.E. 21.) However, thereafter, Plaintiff electronically filed proof of service as to Ms. Walilko which was purportedly executed on December 1, 2020. (D.E. 22 at 1.)

to submit discovery, refusal to sign medical authorization forms, and failure to provide a necessary certification), *and* D.E. 25-4 (August 2, 2019 order denying Plaintiff's motion to transfer and motion to reinstate *without prejudice*).)[5] Notably, it appears that Plaintiff declined an opportunity to reinstate the case with a proper motion and needed documentation within 30 days of the state court's August 2, 2019 order. (D.E. 25-4 at 3.)

Plaintiff's December 2020 correspondence does not proffer a single basis in support of tolling based on the state court action, notwithstanding the benefit of the Third Circuit's decision on appeal. (*See generally* D.E. 24; D.E. 27.) Plaintiff has failed to establish extraordinary circumstances to justify equitable tolling under New Jersey law. *See Speth v. Goode*, No. 95-0264, 2011 WL 221664, at *7, n.7 (D.N.J. Jan. 20, 2011) (noting that the party seeking equitable tolling has the burden to establish its applicability); *see also Randolph v. Sherrer*, No. 08-069, 2008 WL 918500, at *5 (D.N.J. Apr. 1, 2008) (holding that plaintiff's pursuit of "his claim in state court first, where it was dismissed" was not "a basis for granting equitable tolling . . . . simply because he d[id] not like the result of his action in state court"). Moreover, because Plaintiff's personal injury claim could have been brought in either state or federal court, this is not a case where the claimant initially lodged a claim in the wrong forum. *See, e.g.*, *Randolph*, 2008 WL 918500, at *5 (stating that a timely but dismissed state court action does not make the state court the wrong forum); *see Kaminski v. Twp. of Toms River*, 595 F. App'x 122, 127 (3d Cir. 2014) (noting that plaintiffs did not argue that they "filed in the wrong forum or with a defective pleading"). Lastly, a *pro se* plaintiff's ignorance of the law is an insufficient basis to relax the applicable statute of limitations. *See Randolph*, 2008 WL 918500, at *5 (rejecting plaintiff's "best" argument that his delayed federal filing resulted from ignorance of the law) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999), *cert. denied*, 531 U.S. 1164 (2001)); *accord Rowell*, 698 F. App'x at 696 (citing *D.D. v. Univ. of Med. & Dentistry of N.J.*, 61 A.3d 906, 921 (N.J. 2013)).

Accordingly, this Court finds that equitable tolling is unwarranted, and Plaintiff's action is time-barred.[6]

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss Plaintiff's Complaint are **GRANTED**. Plaintiff's Complaint is **DISMISSED**. An appropriate order follows.

      /s/ Susan D. Wigenton  
   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Leda D. Wettre, U.S.M.J.  
      Parties

---

[5] *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are . . . subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citations and internal quotation marks omitted).

[6] Furthermore, as suggested by Geico (*see* D.E. 19-1 at 3), the doctrines of res judicata and collateral estoppel likely preclude this Court from re-litigating matters that were previously decided by the state court. *See Queen v. Cedarbrook Condo. Ass'n, Inc.*, No. 14-6393, 2015 WL 790592, at *3 (D.N.J. Feb. 24, 2015).